UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUDOLFO DELGADILLO,<br><br>Defendant. | No. 1:15-cr-000318-DAD-BAM-1<br><br>ORDER DENYING DEFENDANT'S <u>MOTIONS FOR COMPASSIONATE RELEASE</u><br><br>(Doc. Nos. 123, 133) |

Pending before the court are motions for compassionate release brought pursuant to 18 U.S.C. § 3582(c)(1)(A) by defendant Rudolpho Delgadillo. (Doc. No. 123, 133.) In those motions, defendant Delgadillo argues that "extraordinary and compelling" reasons support the reduction of his sentence to one of time served and his release from confinement. (*Id*.) For the reasons explained below, defendant's motions will be denied.

**BACKGROUND**

On August 7, 2017, the undersigned sentenced defendant Delgadillo to a term of imprisonment of 180 months in the custody of the U.S. Bureau of Prisons (BOP) pursuant to his pleas of guilty to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine and/or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and

1

841(a)(1), seven counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. Nos. 110, 111.) The sentence imposed included a 60-month term of supervised release following the sentence of imprisonment and $900 in penalty assessments. (*Id.*)

On September 19, 2022, defendant, proceeding *pro se*, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. Nos. 123.) The motion was referred to the Office of the Federal Defender for this district and on December 20, 2022, the court appointed counsel to represent defendant in connection with his motion. (Doc. Nos. 125, 126.) On February 20, 2024, counsel on behalf of defendant filed a supplemental motion to reduce his sentence or for his compassionate release. (Doc. No. 133.) In that supplemental motion, counsel on behalf of defendant argues that a combination of "extraordinary and compelling" reasons support the reduction of his sentence to one of time served. (*Id.*) Specifically, defendant Delgadillo points to the following circumstances in seeking the requested relief: (1) he suffers from severe headaches; (2) he is needed by his family to help care for ailing mother who suffered an aneurism in 2007, as well as his father and grandfather; (3) lockdowns during the COVID–19 pandemic made his incarceration more severe; (4) his rehabilitation efforts and good conduct during his incarceration; (5) his solid release plans; and (6) the harshness of the sentence originally imposed as well as potential sentencing disparity when compared to other sentences imposed. (*Id*. at 15–20.)

The government filed its opposition to defendant's motion on May 7, 2024. (Doc. No. 140.) After receiving several extensions of time in which to do so (Doc. Nos. 147, 149, 151, 153), counsel on behalf of defendant Delgadillo filed a reply in support of the pending motions on February 13, 2025. (Doc. No. 154.)

Defendant Delgadillo is currently serving his sentence at the BOP's High Security facility located in Florence, Colorado and his projected release date is reported to be September 30, 2028. Thus, as of the date of this order, he has approximately 3 years left to serve before his projected release from confinement.

/////

**LEGAL STANDARD**

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Prior to the enactment of the First Step Act of 2018 ("the FSA"), motions for compassionate release could only be filed by the BOP. 18 U.S.C. § 3582(c)(1)(A) (2002). Under the FSA, however, imprisoned defendants may now bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf[1] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that–
>
> (i)   extraordinary and compelling reasons warrant such a reduction; or
>
> (ii)  the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

/////

---

[1] If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights." *See* 18 U.S.C. § 3582(c)(1)(A).

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).[2]

A reduction in sentence "must be consistent with the factors set forth in 18 U.S.C. § 3553(a) and any applicable Sentencing Commission policy statement." *United States v. Gerrans*, No. 23-3822, 2024 WL 4814876, at *1 (9th Cir. Nov. 18, 2024).[3] "The U.S. Sentencing Commission issued a policy statement for reduction of a sentence under § 3582(c)(1)(A)(i) in its November 1, 2023 Guidelines Manual." *United States v. Simpson*, No. 3:97-cr-02903-BTM, 2024 WL 5193853, at *2 (S.D. Cal. Dec. 19, 2024). The policy statement provides that a court may reduce a sentence after considering the § 3553(a) factors if it finds that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a); *see also United States v. Castro-Camacho*, No. 24-6145, 2025 WL 2206110, at *2 (9th Cir. Aug. 4, 2025) ("On a compassionate-release motion brought under § 3582(c)(1)(A), a district court may reduce a sentence for 'extraordinary and compelling reasons' that are consistent with the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13."). The policy statement further addresses "what qualifies as 'extraordinary and compelling reasons' to release a defendant from BOP custody." *United States v. Jackson*, No. 1:06-cr-00134-JLT-1, 2025 WL 1255131, at *3 (E.D. Cal. Mar. 31, 2025) (citing U.S.S.G. § 1B1.13); *see also United States v. Inchaurregui*, Case No. 22-cr-02528-BAS-2, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) ("The Sentencing Commission has recently provided definitions of extraordinary and compelling reasons . . . ."). These extraordinary and compelling reasons are: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) defendant as victim of abuse; (5) other reasons

---

[2] Under 18 U.S.C. § 3624(c)(2), the BOP may release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."

[3] Citation to this and other unpublished Ninth Circuit opinions in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

presented by defendant alone or in combination with the foregoing reasons, of similar gravity to the foregoing reasons; and (6) defendant's unusually long sentence. *Jackson*, 2025 WL 1255131, at *3; *see also United States v. Fernandez*, No. 5:13-cr-00527-EJD-1, 2025 WL 943136, at *1 (N.D. Cal. Mar. 18, 2025) ("The Sentencing Commission's policy statement regarding compassionate release is set forth in U.S.S.G. § 1B1.13. The statement provides six general circumstances that may constitute an extraordinary and compelling reason for compassionate release . . . .").

"Under § 1B1.13(b)(5), the court retains substantial discretion to determine what constitutes extraordinary and compelling reasons." *United States v. Gaitan-Ayala*, No. 07-cr-00268-JMS-1, 2024 WL 3316295, at *2, n.3 (D. Haw. July 5, 2024) (citing cases); *see also Castro-Camacho*, 2025 WL 2206110, at *2 ("'[A]ny other circumstance' may also qualify for relief, but only if it is 'similar in gravity' to those delineated."); *United States v. Evans*, 759 F. Supp. 3d 1247, 1267 (S.D. Fla. Dec. 10, 2024) (recognizing that "[t]hus, in drafting § 1B1.13(b)(5), the Commission's express aim was to purposefully empower judges to exercise broad discretion, and decide on a case-by-case basis whether the catch-all provision should be applied to a particular sentence") (citing cases); *United States v. Aigbekaen*, No. 15-cr-00462-JKB, 2025 WL 1347054, at *3 (D. Md. May 8, 2025) ("This 'catchall' provision 'maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release.'"). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

In the past, when moving for relief under 18 U.S.C. § 3582(c), it was recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). Likewise, the defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *see also United States v. Greenhut*, No. 2:18-cr-00048-CAS,

/////

5

2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-00250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

## ANALYSIS

As district courts have summarized, in analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must determine whether a defendant has satisfied three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Third, the district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, No. 16-cr-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *Parker*, 461 F. Supp. 3d 966, 973–74 (C.D. Cal. 2020); *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in § 3553(a)).

**A.     Administrative Exhaustion**

In this case it is disputed whether defendant Delgadillo has satisfied the exhaustion requirement imposed by 18 U.S.C. § 3582(c)(1). Defendant asserts that he satisfied the exhaustion requirement by submitting a request for compassionate release to the warden at his then institution of confinement and received no response. (Doc. Nos. 123 at 3; 133 at 14.) The government contends that the Bureau of Prisons has no record of defendant Delgadillo having submitted a request to the warden. (Doc. No. 140 at 3.) Because the court will deny defendant's request for relief on the merits, it will assume for purposes of resolving the pending motion that defendant has satisfied the exhaustion requirement.

/////

/////

## B. Extraordinary and Compelling Reasons

As stated, "extraordinary and compelling reasons" warranting compassionate release may exist based on a defendant's medical conditions, age and other related factors, family circumstances, victimization, unusually long sentence, or "other reasons." U.S.S.G. § 1B1.13(b)(1)–(6). Here, as noted above, defendant Delgadillo argues in the pending motions that his compassionate release is warranted based upon extraordinary and compelling reasons including: he has suffered from headaches and periodontitis during his incarceration, his mother has been ailing since 2007 and he is needed to help care for his mother, father and grandfather, lockdowns during the COVID–19 pandemic made his incarceration more severe, his rehabilitation efforts and good conduct during imprisonment, his solid release plans, and the harshness of the sentence originally imposed as well as potential sentencing disparity when compared to the sentences imposed on his co-defendants. (Doc. Nos. 133 at 15–20; 154 at 3–9.) In addition, defendant argues that the granting of the requested relief would be consistent with the factors set forth at 18 U.S.C. § 3553(a).

The government opposes the pending motion, arguing that the circumstances defendant bases his motion upon are not extraordinary and compelling and, even if they were, consideration of 18 U.S.C. § 3553(a) weighs against the granting of relief. (Doc. No. 140.) Specifically, the government argues that the record establishes that defendant is not currently receiving treatment for any diagnosed medical condition. (*Id*. at 6.) The government also argues that the defendant has provided no support for his family circumstances claim and has failed to establish that, even if his family members are in need of assistance, he is the only possible caregiver. (*Id*. at 7.) The government contends that defendant's prison disciplinary record reflects that he has not been rehabilitated as a result of his incarceration. (*Id*. at 8–9.) Finally, the government notes the serious and extensive nature of defendant's gang-related criminal conduct and argues that any reduction in the sentence imposed in this case would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). (*Id*. at 9–19.) The court finds the government's arguments in this regard to be entirely persuasive.

/////

7

At his sentencing hearing on August 17, 2017, the court acknowledged that while the advisory sentencing guideline range in defendant's case called for a term of imprisonment between 262 and 327 months, the presentence report had recommended a downward variance based upon consideration of the § 3553(a) factors to a sentence of 210 months. (Doc. No. 129 at 3–4.) The government, pursuant to its plea agreement with defendant, recommended a sentence of a 180–month term of imprisonment which was a significant downward variance from the applicable advisory guideline range. (*Id*. at 6.) The court fully considered the § 3553(a) factors and deemed the 180–month sentence recommended by the government pursuant to its plea agreement with the defendant, 82 months below the low end of the advisory guideline range, to be a fair and reasonable one despite the very serious nature of defendant's gang related criminal conduct. (*Id*. at 6–8.) Finally, the court now concludes that there was no unwarranted sentencing disparity among defendants with similar records found guilty of similar criminal conduct in this case in light of this defendant's extensive criminal history and the amount of controlled substances involved in the offenses of conviction in his case. (*See* Doc. No. 105 at 28.)

Considering all of these circumstances in combination, the court concludes that there are no extraordinary and compelling circumstances justifying a reduction of the 180–month term of imprisonment imposed in defendant Delgadillo's case.

**C.    § 3553 and Other Relevant Factors**

Any relief to be granted pursuant to 18 U.S.C. § 3582(c)(1)(A) must be consistent with consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).[4] *See Parker*, 461 F.

---

[4] Title 18 U.S.C. § 3553(a) provides that, in determining the sentence to be imposed, the court shall consider:  the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

8

Supp. 3d at 979. As noted, the government argues that the seriousness of defendant's offenses of conviction compel the conclusion that consideration of the § 3553(a) factors weighs against the granting of the requested relief. (Doc. No. 140 at 9.) The government's argument in this regard is also persuasive.

## CONCLUSION

For the reasons explained above, defendant Delgadillo's motions for compassionate release or a reduction in his sentence (Doc. Nos. 123, 133) are DENIED.

IT IS SO ORDERED.

Dated: **October 23, 2025**

          *Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE